

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROGER MAURICE BONDS, §
        Petitioner, §
   §
v. § Civil Action No. 4:07-CV-674-Y
   §
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
        Respondent. §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Timmy Ray Bonds, TDCJ-ID #938291, is in custody of the Texas Department of Criminal Justice, Institutional Division, in Cuero, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In August 2004, Bonds was charged by indictment in the 78th District Court of Wichita County, Texas, with indecency with a child by exposure. (State Habeas R. at 26) Specifically, the

indictment alleged that on or about June 16, 2004, Bonds unlawfully and intentionally with intent to arouse and gratify his sexual desire expose his genitals knowing a child younger than seventeen years of age was present.

At trial, the evidence showed that Wichita Falls police officers were dispatched to Lucy Park on a report that a white male was sitting in a van with the windows down watching children at a day camp. (Reporter's R., vol. 4, at 9-11) Officer Rickman responded. She arrived at the camp and, as she approached the camp counselors and children, she walked past Bonds's van, looked in, and saw Bonds's penis out of his pants. Bonds quickly tried to put his penis back in his pants. Officer Rickman asked Bonds to get out of the van. Bonds's zipper was unzipped and he had a wet spot on the front of his pants. Bonds, a 58-year-old man, admitted to the officer that he was masturbating, but said he was masturbating while watching the adults, not the children. There was no evidence or indication that any of the children knew or saw Bonds masturbating in the van, but there were witnesses who saw him sitting in the van and saw his arms moving erratically while he looked straight ahead toward the children in the play area. (*Id.* at 52, 57-58, 68, 76) Bonds testified that he was sexually stimulated by an attractive woman dropping off children. (*Id.* at 100)

Based on the evidence, the jury found Bonds guilty of the charged offense, and the trial court assessed his punishment at six years' confinement. (State Habeas R. at 28) Bonds appealed his conviction, but the Second Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Bonds v. Texas*, No. 2-05-051-CR (Tex. App.–Fort Worth Mar. 23, 2006); *Bonds v. Texas*, PDR No. 595-06. Bonds filed a state application for writ of habeas corpus raising the issues presented herein, which the Texas Court of Criminal Appeals denied without written order. *Ex parte Bonds*, No. WR-67,251-01, at cover. This federal petition for writ of habeas corpus followed

D. ISSUES

Although it is unclear, Bonds appears to raise the following grounds for relief:

1. The trial court lacked subject matter jurisdiction;

2. The affiant listed on the criminal complaint's supporting affidavit was a Wichita County prosecuting attorney, rendering the complaint void and the trial court without jurisdiction;

3. The magistrate judge gave no warnings and could not make a probable cause finding; and

4. He received ineffective assistance of counsel. (Petition at 7-8; Pet'r Memorandum of Law at 2)

E. RULE 5 STATEMENT

Quarterman believes that Bonds has sufficiently exhausted available state remedies with regard to the issues presented and that his petition is neither time-barred nor successive. (Resp't Answer at 2)

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*,

3

210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the particular case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption applies to all findings, express and implied. *Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Analysis

Bonds claims the indictment or information under which he was prosecuted was void and failed to confer jurisdiction on the state magistrate and trial courts because the underlying complaint is invalid. Bonds appears to argue that the criminal complaint and/or information is invalid because a Wichita County prosecutor was listed as the affiant on the supporting affidavit, and had no personal knowledge of the allegations therein, and another Wichita County prosecutor administered the oath, putting Wichita County in the position of being both accuser and prosecution. (Pet'r Memorandum of Law at 4)

To the extent Bonds asserts the criminal information was void based on an invalid complaint, his claims are frivolous. He was not prosecuted under an information, but an indictment. The sufficiency of a state indictment is appropriate for federal habeas relief only when the indictment is so deficient that the convicting court was without jurisdiction. *See Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction. *See id.* The Texas Court of Criminal Appeals rejected Bonds's claims by denying state

4

habeas relief. By denying relief, the Texas Court of Criminal Appeals necessarily, though not expressly, held that the indictment was sufficient under state law to confer jurisdiction on the trial court. *See Alexander v. McCotter*, 775 f.2d 595, 598-99 (5th Cir. 1985). Further review by this court is precluded. *See id.; McKay v. Collins,* 12 F.3d 66, 68-69 (5th Cir. 1994).

Assuming the indictment was sufficient to confer jurisdiction on the state magistrate and trial courts, the remainder of Bonds's claims are meritless. Bonds asserts the state magistrate court gave no warnings and could not make an independent assessment of probable cause for his continued detention based on an invalid complaint. (Pet'r Memorandum of Law at 2) The state court records, however, reflect that the Wichita County magistrate did administer the requisite warnings, and, as noted by Quarterman, Bonds was not taken before the magistrate until after the sealed indictment had been returned. (Clerk's R. at 7) Under state law, the return of an indictment supersedes the complaint procedure and invests the court with jurisdiction. *See Wicker v. Texas*, 667 S.W.2d 137, 139 n.1 (Tex. Crim. App. 1984); *Harris v. Texas*, 457 S.W.2d 903, 907 (Tex. Crim. App. 1970).

Bonds asserts his trial counsel was ineffective by failing to raise the claims raised in this petition.[1] A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689.

---

[1] To the extent Bonds raises new ineffective assistance claims for the first time in his reply brief, the claims are precluded from this court's consideration. *Yohey*, 985 F.2d at 225.

Where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits and denied by the state's highest court, federal habeas relief will be granted only if the state court's decision was contrary to or involved an unreasonable application of Supreme Court law, or if the state court's decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Santellan v. Cockrell*, 271 F.3d 190, 198 (5th Cir. 2001). If the state court does not make express findings of fact, a federal habeas court may imply fact-finding from the state court's disposition of a federal claim that turns on the factual issue. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Further, if the state court does not articulate the constitutional standards applied, this court may assume that the state court applied correct standards of federal law to the facts in the absence of evidence that an incorrect standard was applied. *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

In Bonds's case, the Texas Court of Criminal Appeals considered and rejected his ineffective assistance claims without a hearing and without making express findings of fact. Nevertheless, absent evidence to the contrary, it is assumed that the state court applied the *Strickland* standard for ineffective assistance claims and impliedly found that Bonds received effective assistance. An independent review of his claims in conjunction with the state court records does not indicate that the state court's decision was contrary to or involved an unreasonable application of *Strickland*, or that it was based on an unreasonable determination of the facts as presented in the state court proceedings. 28 U.S.C. § 2254(d)(2), (e)(1). The indictment was sufficient to invest jurisdiction in the state trial court. Counsel is not required to make frivolous objections or motions. *United States v. Gibson*, 55

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

6

F.3d 173, 179 (5th Cir. 1995).

Bonds is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. The state court's determination that his was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established Supreme Court law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## II. RECOMMENDATION

Bonds's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 10, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 10, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 20, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE